# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| KENDRICK WILEY<br>ADC #139566 | PLAINTIFF |
| V. No: 2:17-cv-00034 JLH-PSH | |
| MIRANDA CALDWELL, *et al.* | DEFENDANTS |

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Kendrick Wiley filed a complaint pursuant to 42 U.S.C. § 1983 on March 8, 2017, alleging that Defendants were deliberately indifferent to his medical needs while he was jailed in the Monroe County Detention Center in February 2017. Doc. No. 2. Defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Wiley had not exhausted claims against them before he filed this lawsuit (Doc. Nos. 14-16). Wiley did not file a response to the Defendants' motion. Because Wiley failed to controvert the facts set forth in

Defendants' statement of undisputed facts, Doc. No. 16, those facts are deemed admitted. *See* Local Rule 56.1(c). The Defendants' statement, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Defendants are entitled to summary judgment as a matter of law.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Facts

1. Wiley did not file a grievance complaining about the matters alleged in this lawsuit. Doc. No. 2 at 3.

2. The Monroe County Detention Center had a grievance process in place in 2017 for inmates to raise concerns about alleged constitutional violations, including, but not limited to, not receiving appropriate medical treatment. *See* Doc. No. 16-1 & 16-3.

3. Before he filed this lawsuit in 2017, Wiley submitted grievances in 2016 concerning medical issues unrelated to his current claims.

4. Wiley was familiar with the Monroe County Detention Center grievance process when he filed this lawsuit in 2017. *See* Doc. No. 16-1 & 16-2.

5. Wiley is no longer incarcerated at the Monroe County Detention Center. *See* Doc. No. 16-1.

6. Wiley has provided no evidence to substantiate his claim that detention center staff deterred him, or any other detainees, from submitting grievances while incarcerated in the detention center. *See* Doc. No. 16-1.

### IV. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v.*

*Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Defendants argue that they are entitled to summary judgment because Wiley failed to exhaust his administrative remedies as to them before he filed this lawsuit. In support of their motion for summary judgment, Defendants submitted an affidavit by Jail Administrator Gloria Hunter; copies of documents from Wiley's jail file; grievances filed by Wiley in 2016; and a copy of the Monroe County Detention Center's grievance policy (Doc. Nos. 16-1 - 16-3).

Wiley acknowledged in his complaint that he did not file a grievance before filing suit. Doc. No. 2 at 3. He claimed that jailors did not allow inmates to use the grievance process and threatened to shoot them with pepper spray. *Id.* at 4. Hunter confirmed that Wiley filed no grievances regarding medical issues while he was detained in the Monroe County Detention Center in 2017, but that he filed three grievances in 2016 while detained there. Doc. No. 16-1 at 3. Wiley did not respond to Defendants' motion for summary judgment or refute their statement of facts. Further, he has provided no evidence to support his allegation that he could not file a grievance in 2017 or was threatened with pepper spray if he did so. Accordingly, there are no issues of material fact in dispute, and Defendants are entitled to summary judgment.

## V. Conclusion

Wiley did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Defendants should be awarded summary judgment and Wiley's claim(s) against them be dismissed without prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

4

DATED this 16th day of November, 2017.

                                                                                                           _____
UNITED STATES MAGISTRATE JUDGE